CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 22 2007 C'ville
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:07cr00015 |
| v. | ORDER and OPINION |
| RICHARD NEAL WILLETTS, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's second Motion for Continuance, filed on August 9, 2007 (docket entry no. 21), and Defendant's Supplemental Motion for Continuance, filed on August 21, 2007 (docket entry no. 22). Defendant was charged in a two-count indictment with coercion and enticement, and sexual exploitation of children. Defendant's first Motion for Continuance was granted on May 23, 2007, and trial is set for September 13, 2007.

Defendant's reasons for requesting a second continuance, as stated in his motions, are that the parties "are engaged in ongoing discussions seeking a resolution to the matter" and that "it is unlikely that [a resolution] will occur prior to the presently scheduled trial date." Defendant further asserts that the Assistant United States Attorney handling this case will be unavailable for such discussions for two weeks beginning August 20, 2007, and that Defendant's counsel "will be out of the office for approximately ten (10) days in August." According to Defendant, the Government joins in this request for a continuance.

In addition, in the Proposed Order accompanying his Supplemental Motion for Continuance, Defendant also states that "failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation . . . ." This language is

taken from the Speedy Trial Act and is, in fact, one of the factors "which a judge shall consider in determining whether to grant a continuance." *See* 18 U.S.C. § 3161(h)(8)(B), (iv). Nowhere in either motion, however, does Defendant provide support for the assertion that counsel will be denied "the reasonable time necessary for effective preparation"; rather Defendant's arguments are directed solely at his "ongoing discussions" with the Government. Moreover, the statute directs judges to consider whether counsel would be denied "the reasonable time necessary for effective preparation, *taking into account the exercise of due diligence*." 18 U.S.C. § 3161(h)(8)(B)(iv) (emphasis added). Counsel for both parties have been on this case since at least April 4, 2007, and one motion for a continuance has already been granted. Neither Defendant's second Motion for Continuance nor his Supplemental Motion for Continuance offer support for the proposition that the exercise of due diligence cannot result in effective preparation for trial in the time given.

The reasons provided by Defendant, without more, are insufficient for me to find that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A).

Defendant's Motion for Continuance and Supplemental Motion for Continuance are therefore DENIED.

It is so ORDERED. The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

August 22, 2007
Date