CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 1 2 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA :
:
v. : Criminal No. 3:07:00015
:
RICHARD NEAL WILLETTS :
:
:

## PLEA AGREEMENT

I, Richard Neal Willetts, and my counsel, Mr. Francis McQ Lawrence, Esquire, have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

1. **CHARGES IN THE INDICTMENT AND PUNISHMENT**

I have been charged with two counts in the current Indictment filed in this case.

Counts One charges me with coercion and enticement in violation of Title 26, United States Code, Section 2422. The maximum statutory penalty for this charge is life in prison and a fine of $250,000 as well as a period of supervised release that could be up to life under supervision. There is a mandatory minimum of ten years on the charge. Count Two charges me with sexual exploitation of children in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). The maximum statutory penalty for this charges is thirty years in prison and a fine of $250,000 as well as a period of supervised release. There is a mandatory minimum of fifteen years on this charge.

I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

*Defendant's Initials:* RNW

## 2. CHARGES TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

I will enter a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to Count One of the Indictment, agreeing that if the Court accepts this plea that I will be sentenced to ten years in Prison, as well as a period of supervised release and a potential fine and the conditions set forth below. I understand that the period of supervised release will likely contain a number of conditions including conditions regarding my contact with minors. In addition to the penalties set forth above, I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction.

As part of this plea under Rule 11(c)(1)(C), I have been advised and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student. I understand that I must update my registrations not later than three business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

I also understand that during my period of supervision, which as noted above, could be up to life, I will not be permitted to have contact with minors except as approved by my supervising officer.

The remaining count, Count Two, will be dismissed at the time of my sentencing.

My attorney, Mr. Lawrence, Esquire, has informed me of the nature of these charges and the elements of these charges which must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a. The right to plead not guilty and persist in that plea.
    b. The right to a speedy and public jury trial.
    c. The right to assistance of counsel at that trial and in any subsequent

*Defendant's Initials:* _____   2

      appeal.
- d.    The right to remain silent at trial.
- e.    The right to testify at trial.
- f.    The right to confront and cross-examine government witnesses.
- g.    The right to present evidence and witnesses in my own behalf.
- h.    The right to compulsory process of the court.
- i.    The right to be presumed innocent.
- j.    The right to a unanimous guilty verdict.
- k.    The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

### 3. ACCEPTANCE OF RESPONSIBILITY

The United States agrees that the defendant will have "accepted responsibility" within the meaning of that term under the sentencing guidelines, if this agreement is accepted by the Court, and will urge the Court to reduce the sentencing guideline range by <u>three</u> levels in recognition of his early decision to plead assuming that the defendant, at the time of sentencing, meets all of the requirements of USSG section 3E1.1. Although, as noted above, if the Court in its discretion accepts this guilty plea, I understand that the sentence will be ten years, with other conditions.

I understand that any attempt to deny that I committed the crimes to which I have agreed to plead guilty, any attempt to withdraw my guilty plea, the commission of any new crimes, or any other breach of this Agreement, including my failure to pay my mandatory special assessment, will nullify the United States agreement that I should receive credit for acceptance of responsibility.

### 4. PROFFER EVIDENCE

I understand that information given during a proffer or during cooperation will not be used against me to enhance my sentence pursuant to Sentencing Guideline Section 1B1.8, but may be referred to by the presentence report preparer as an indication of my acceptance of responsibility and may be referred to as my version of the events leading to these charges.

I further understand that if I supply untruthful information during any proffer, or at any other time, I may be prosecuted for perjury, for giving a false statement, or for

*Defendant's Initials:* BMW             3

obstruction of justice.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, by the signatures below, my attorney and I expressly waive the presence of counsel at such meetings and that government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings with government agents and attorneys I may request the presence of my attorney and the meeting will be suspended until my attorney arrives.

5.  **DUTY TO PROVIDE FINANCIAL STATEMENT**

I understand that in this case there is a possibility that substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation in that matter and in order to assist the United States in any necessary collection of those sums, I agree to fully and truthfully submit a complete financial statement revealing all of my assets and liabilities to the United States on a form provided by the United States.

Within 30 days of the date of this Plea Agreement I agree to provide a complete financial statement to the United States Attorney's office detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other business entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year I enter my guilty plea. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement, I agree not to convey any thing of value to any person without the authorization of the United States Attorney's Office. I understand that a deliberate false statement as to these matters would be a felony under federal law, in violation of Title 18, United States Code, Section 1001 and Section 401, and could constitute a breach of the agreement by me and could render this Agreement null and void, regardless of any cooperation or assistance that I may have previously provided. Any dispute as to the truthfulness of my disclosure of assets may be subjected to a polygraph examination conducted by a qualified law enforcement examiner, selected by the United States. I understand that failure of such polygraph examination, without adequate explanation, could render this agreement null and void.

*Defendant's Initials:* BMW          4

6. **WAIVER OF RIGHT TO APPEAL SENTENCING GUIDELINES ISSUES RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT**

I agree to waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, except for that set forth below, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. I understand that the United States expressly reserves its right to appeal any sentence the Court imposes below the applicable sentencing guideline range, or, in the case of a Motion for Substantial Assistance or a Motion pursuant to U.S.S.G. Section 5K1.1, Title 18, United States Code, Section 3553(e), or a Motion for Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, any sentence below the United States' recommended sentence.

7. **INFORMATION ACCESS WAIVER**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

8. **WAIVER OF WITNESS FEE**

I agree to waive all rights, claims or interest in any witness fee that I may be eligible to receive pursuant to Title 28, United States Code, Section 1821, for my appearance at any Grand Jury, witness conference or court proceeding during the pendency of this case.

9. **FORFEITURE, OFFICIAL USE OR DESTRUCTION OF CONTRABAND**

I consent to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from my possession or from my direct or indirect control. I will execute any documents necessary to comply with this provision of this agreement.

*Defendant's Initials:* BNW     5

## 10. WAIVER OF STATUTE OF LIMITATIONS

If, for any reason, this Plea Agreement is withdrawn or otherwise not consummated by the entry of the convictions and sentences provided for under this Plea Agreement or if this Agreement is set aside by any court, I hereby waive my right to raise the defense of the statute of limitations as to any charges reinstated before the Court which were brought in the original Indictment against me but dismissed as a result of this Plea Agreement.

## 11. FORFEITURE

I understand that I will be required to disclose the existence of, and location of, any assets purchased with the proceeds of my illegally activity, directly or indirectly. I agree to cooperate with law enforcement and government attorneys in the forfeiture of such assets and in the conveying of title to such assets to the United States, where I have the power to do so. I agree to assist in the forfeiture of any such assets, and conveyance of assets, which are titled to, or in the possession of, any of my family members. I understand any financial cooperation and sacrifice made by me through this course will be made known to the Court by the government at my sentencing.

I also agree to waive my constitutional rights under the Double Jeopardy clause as to any subsequent forfeiture proceedings, civil, criminal and/or administrative, arising out of the same offenses charged in the Indictment in this case.

## 12. COMPLETION OF PROSECUTION

I understand that except as provided for in this plea agreement, there will be no further prosecution of me in the Western District of Virginia for any matters about which the United States has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

## 13. LIMITATION OF AGREEMENT

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

## 14. REMEDIES FOR BREACH OF PLEA AGREEMENT

I understand that if I breach any provision of this agreement, at any time, including any attempt to withdraw my guilty plea, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void

and proceed to trial; (b) refuse to recommend that I be credited with acceptance of responsibility; (c) refuse to abide by any other sentencing or other stipulations contained in this plea agreement; (d) use this plea agreement, any statement I have made during any guilty plea hearing (including my admission of guilt), any proffer session, or during my attempt to provide substantial assistance, against me in this or any other proceeding; and (e) take any other action provided for under this agreement or by statute, regulation or court rule. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have any statement, or evidence derived from such statement, suppressed or excluded from going into evidence. The remedies set forth above are cumulative, and not mutually exclusive.

15. **EFFECTIVE REPRESENTATION**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my attorney and his advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

16. **GENERAL UNDERSTANDINGS**

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document to which I am pleading guilty.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding that I may be prosecuted for perjury and that statements that I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

*Defendant's Initials:* BMW      7

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors in my behalf and will be free to propose any alternatives to incarceration available under the sentencing guidelines. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This Plea Agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 9-11-07  Richard Neal Willetts
**Defendant**

I represent Richard Neal Willetts. I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment. Further, I have reviewed the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one and it is a decision with which I agree.

Date: 9/11/07
**Counsel for Defendant**

*Defendant's Initials:* RNW

8

Acknowledged:

Date: 9/10/07

_____
Assistant United States Attorney

Defendant's Initials: BNW                    9